UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 08-CV-066 (WOB)

AMAR GUEYE                                              PLAINTIFF

VS.                    <u>MEMORANDUM OPINION AND ORDER</u>

COMAIR AIRLINES
and
INTERNATIONAL ASSOC. MACHINISTS &
AEROSPACE WORKERS                                       DEFENDANTS

    This matter is before the court on the motion for summary judgment by defendant International Association of Machinists and Aerospace Workers, AFL-CIO ("IAM" or "the Union") (Doc. #13), plaintiff's response thereto (Doc. #27), and the IAM's reply (Doc. #28).

    The court has reviewed this matter carefully and determined that no hearing on the pending motion is necessary.

    Plaintiff Amar Gueye, who is proceeding *pro se* in this matter, was employed and later terminated by defendant Comair, Inc. Plaintiff alleges that he was harassed and terminated by Comair on the basis of his race and because he was assisting in the efforts of the IAM to organize Comair's customer service employees. (Doc. #1)

    Plaintiff states that he filed a charge of discrimination against Comair with the Equal Employment Opportunity Commission, which apparently denied his claim and issued a Right to Sue letter.

Plaintiff filed this *pro se* action on April 8, 2008, in the Southern District of Ohio, and the case was transferred to this court pursuant to the venue provisions of Title VII. (Doc. #2)

The IAM has filed a motion for summary judgment, which is ripe. Discovery as to the IAM has been held in abeyance pending resolution of that motion.

The court concludes that the IAM's motion must be granted for several reasons. First, to the extent that plaintiff attempts to allege a claim against the Union for failing to represent him against Comair in his dispute with his employer, it is undisputed that the IAM did not represent the group of Comair employees to which plaintiff belonged – customer service employees. Instead, the IAM represented only Comair's aircraft mechanic and related employees. (Samuel Declaration ¶¶ 4-6)

Because the IAM was not the certified bargaining representative of plaintiff, it could not have maintained an action on his behalf against Comair under the applicable statute.[1] *See Adams v. Federal Express Corp.*, 547 F.2d 319, 321-22 (6th Cir. 1976). Moreover, because plaintiff was not a member of the collective bargaining unit which the Union did represent, the Union owed him no duty of fair representation. *See McTighe v. Mechanics Educ. Society of Am., Local 19, AFL-CIO*, 772 F.2d 210, 212-13 (6th

---

[1] It is undisputed that the Railway Labor Act ("RLA"), 45 U.S.C. § 181, governs labor relations in the airline industry.

Cir. 1985).

Second, plaintiff's Title VII claim fails as a matter of law because it is undisputed that plaintiff did not exhaust his administrative remedies as to the Union because he did not name it as a respondent in the EEOC charge he filed.

Title VII authorizes the filing of a suit only "against the respondent named in the charge." *A've v. Service Employees Int'l Union, AFL-CIO*, No. 01-1530, 2001 WL 1450668, at *3 (6th Cir. Nov. 9, 2001) (quoting 42 U.S.C. § 2000e-5(f)(2)). Thus, "a party not named in an EEOC charge may not be sued under Title VII." *Id.* (citation omitted). In *A've*, for example, the Sixth Circuit held that the plaintiff could not maintain a Title VII action against his international union because he had named only the local union in his EEOC charge. *Id.* at

Here, it is undisputed that plaintiff never filed an EEOC charge against the IAM, and his attempted Title VII claim against it thus fails as a matter of law.

Therefore, having reviewed this matter, and the court being otherwise sufficiently advised,

**IT IS ORDERED** the motion for summary judgment by defendant International Association of Machinists and Aerospace Workers, AFL-CIO (Doc. #13) be, and is hereby, **GRANTED**.

This 8th day of October, 2008.

 Signed By:
*William O. Bertelsman* WOB
United States District Judge